T.C. Memo. 2007-205

UNITED STATES TAX COURT

W. BRIAN McDERMOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19530-06.                    Filed July 26, 2007.

W. Brian McDermott, pro se.

<u>Robert M. Fowler</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's
motion to dismiss for lack of jurisdiction.[1]  Respondent also

---

[1]  Petitioner herein also has filed a motion to dismiss which is being held in abeyance until resolution of respondent's motion to dismiss.  Petitioner's motion to dismiss is based on an allegedly invalid notice of deficiency under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, partnership rules of sec. 6221.

seeks damages against petitioner under section 6673.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

Petitioner objects, and petitioner seeks damages against respondent under section 6673(a)(2) for making allegedly frivolous arguments in support of respondent's motion to dismiss.

Respondent's motion to dismiss is based primarily on the fact that petitioner's petition herein was filed more than 6 years after respondent mailed to petitioner and his now deceased wife the underlying notice of deficiency.

On March 29, 2000, respondent mailed to petitioner and his wife a notice of deficiency determining that petitioner had significant additional income for 1996 and that they owed a joint Federal income tax deficiency in the amount of $263,778, plus an accuracy-related penalty in the amount of $52,781.

Petitioner does not allege that he did not timely receive respondent's notice of deficiency, and the 90-day period for timely filing a petition with this Court with regard to the notice of deficiency expired on June 27, 2000.

On September 5, 2000, respondent assessed the above $263,778 additional Federal income taxes against petitioner and his wife.

In September of 2004, petitioner disputed respondent's collection activity relating to the above tax deficiency by filing a collection appeal and thereafter a collection case in this Court, asserting various tax protester arguments. William

B. & Donna McDermott v. Commissioner, docket No. 16240-04L.

On May 18, 2005, in the above collection case, we granted a motion for summary judgment that respondent had filed against petitioner. In the order granting respondent's summary judgment and dismissal of petitioner's collection case, we warned petitioner that a penalty under section 6673 would be considered if petitioner continued to make frivolous arguments.

Under section 6213(a), generally a petition must be filed relating to a notice of deficiency within 90 days of the mailing of the notice of deficiency to a taxpayer.

On September 25, 2006, more than 6 years after respondent mailed the above notice of deficiency to petitioner and his wife, petitioner filed his petition herein. Respondent's motion to dismiss is based on petitioner's late petition.

In opposition, petitioner admits the untimeliness of his petition, but petitioner argues that we still have jurisdiction to rule on the validity of respondent's notice of deficiency, and petitioner argues that respondent's notice of deficiency erroneously charges to him income of a TEFRA partnership. Based thereon, petitioner argues that the income charged to him in respondent's notice of deficiency should have been charged to him by respondent in a TEFRA partnership proceeding utilizing a Notice of Final Partnership Administrative Adjustment, and petitioner argues that respondent's motion to dismiss should be

denied.

The factual issue as to whether income charged to petitioner in respondent's notice of deficiency represents income petitioner earned in his individual capacity or income earned as a partner in a TEFRA partnership does not go to the jurisdiction of this Court.

In any event, because petitioner's petition was filed late, we shall grant respondent's motion to dismiss for lack of jurisdiction.  In our discretion, we decline to award damages against petitioner under section 6673.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.